E-FILED
Thursday, 13 February, 2020  04:28:39 PM
Clerk, U.S. District Court, ILCD

United States District Court

for the

Central District of Illinois

**FILED**

FEB 1 2 2020

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL E. BARGO JR.

Petitioner

V.

JOHN JAY (J.B).PRITZKER, in his official  capacity
as Governor of the State of Illinois; MICHAEL J.
MADIGAN,in his official capacity as Speaker of the
Illinois House of Representatives; KWAME RAOUL,
in his official capacity as Attorney General of Illinois;
DON HARMON,  in his official capacity as President of
the Illinois Senate

Defendants

Case No. 20-3045

**Complaint**

1

1.          Petitioner Michael E. Bargo Jr., ("Bargo") Appearing Pro Se, IFP, brings this civil

action under 42 U.S.C. §§ 1983,[1] 1988;[2] 52 U.S.C. §§§ 10302,[3] 10304,[4] 10307,[5] and the Equal

Protection Clause.[6]   Bargo seeks a declaratory judgment and injunctive relief and alleges as

follows: the House Rules of the 101st Illinois General Assembly ("101st IL GA HR") enacted on

January 29, 2019,[7] deny Bargo the value of his vote in all IL House legislative actions and

legislatively command that Bargo's policy preferences, as expressed through his vote in all IL

State elections, be usurped/replaced by the personal legislative policy preferences of the IL

House Speaker acting alone in his  official capacity, depriving Bargo of the value of his vote.

### Parties

2.          Petitioner Michael E. Bargo Jr. is a resident, registered voter and citizen of Illinois

filing IFP Pro Se.  His address is 7320 N. Oriole Ave., Chicago, IL 60631.  Ph: 219-801-1791.

3.          Governor John Jay Pritzker is the Chief Executive of the State of Illinois and is

being sued in his official capacity as Executive Officer. His address is: Office of the Governor,

207 State House, Springfield, IL 62706.  Ph: 217-782-0244.

---

[1] https://www.law.cornell.edu/uscode/text/42/1983

[2] https://www.law.cornell.edu/uscode/text/42/1988

[3] https://www.law.cornell.edu/uscode/text/52/10302

[4] https://www.law.cornell.edu/uscode/text/52/10304

[5] https://www.law.cornell.edu/uscode/text/52/10307

[6] https://www.law.cornell.edu/constitution/amendmentxiv

[7] Exhibit B-1, Pet. App. p. 63.

4.       Michael J. Madigan is Speaker of the Illinois House of  Representatives of the Illinois General Assembly.  He is being sued in his official capacity.  His address is: 300 Capitol Building, Springfield, IL, 62706.  Ph: 217-782-5350. FAX: 217-524-1794.

5.       Don Harmon is President of the Illinois Senate and is being sued in his official capacity.  His address is: 327 Capitol Building, Springfield, IL 62706. Ph: 217-782-2728.

6.       Kwame Raoul is Attorney General of Illinois and is being sued in his official capacity.  His address is: 500 South Second St., Springfield, IL, 627901.  Ph: 217-782-1090 TTY: 1-877-844-5461

## **Standing**

7.       Since the rules of the IL 101st GA impair the voting rights of all voters in the State of Illinois, Bargo  has standing as an IL resident, citizen and registered voter.  Pursuant to the U.S. Constitution's First Amendment   Petitioner has the immutable right "to Petition the Government for a redress of grievances."[8]  In *Baker v. Carr*[9] 339 U.S. 210, (1962) the Supreme Court ruled in Section III, Standing: "A federal court cannot pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies."  Bargo claims his right to have his State representative represent him in all IL House committees is denied by the rules of the 101st IL General Assembly cited in this complaint.  In *Baker v. Carr* the Supreme Court also held: "Appellants' claim that they are being denied equal protection is justiciable, and if discrimination is sufficiently shown the right to relief under the equal protection clause is not

---

[8] http://www.archives.gov/exhibits/charters/bill_of_rights_transcript.html

[9] https://supreme.justia.com/cases/federal/us/369/186/

diminished by the fact that the discrimination relates to political rights." *Baker v. Carr,* 369 U.S.

209 (1962).   The Supreme Court has often upheld the right of voters to sue State courts for

policies and practices which clearly deprive Petitioner access of the right to vote.

8.          Since the IL State Constitution and the U.S. Federal Constitution have jurisdiction

over all persons in the US, all persons have standing.

9.          Petitioner Bargo seeks a declaratory judgement and injunctive relief, alleging that

the legislative powers given to the Illinois House Speaker through 101st IL HR violate his voting

rights and those of all other Illinois residents who are similarly situated qualified voters in the

State of Illinois. Under the Declaratory Judgment Act:[10] "given the existence of "a case of

actual controversy within its jurisdiction" a federal court "may declare the rights and

other legal relations of any interested party seeking such declaration." Pursuant to 28

U.S.C. § 2201.[11] Petitioner has standing as an interested party. [emphasis added]

10.          Support for Bargo's standing in this matter comes from *Baker v. Carr*: 369 U.S

237:

> "We conclude that the complaint's allegations of a denial of equal protection
> present a justiciable constitutional cause of action upon which appellant are
> [is] entitled to a trial and a decision. The right asserted is within the reach of
> judicial protection under the Fourteenth Amendment." [brackets added]

11.          This litigation presents an Art. III Section 2, Clause 1  "case or controversy,"

since the complaint discloses that Bargo has a sufficient "personal stake" in a determination of

the constitutional validity of each of the challenged provisions to present "a real and substantial

controversy admitting of specific relief through a decree of a conclusive character, as

---

[10] 28 U.S.C. § 2201 - Creation of Remedy, (https://www.law.cornell.edu/uscode/text/28/2201)

[11] https://www.law.cornell.edu/uscode/text/28/2201

distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth,* 300 U. S. 227, 300 U. S. 241. Pp. 424 U. S. 11-12. And that declaratory relief is available only for a "concrete case admitting of an immediate and definite determination of the legal rights of the parties." *Aetna Life Ins. Co. v. Haworth,* 300 U. S. 227, 300 (1937),[12] U. S. 241. Pp. 424 U. S. 11-12.

12.          Petitioner  Bargo has standing since this complaint is both a Voting Rights and an Equal Protection issue.   Federal Courts have recognized standing regarding these matters. In *Public Service Commission v. Wycoff Co.,* 344 U.S. 248 the Supreme Court ruled that when state rules threaten equal protection, the case is a Federal question of constitutional right and is proper for a District Court.

### Jurisdiction and Venue

13.          This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331,[13] 1343[14] (a)(3)(4), 42 U.S.C. §§ 1983[15] and 1988;[16] 52 U.S.C. § 10308.[17]    This Court has jurisdiction over  Petitioner's request for declaratory relief pursuant to 28 U.S.C. §§ 2201[18] and

---

[12] https://supreme.justia.com/cases/federal/us/300/227/

[13] https://www.law.cornell.edu/uscode/text/28/1331

[14] https://www.law.cornell.edu/uscode/text/28/1343

[15] https://www.law.cornell.edu/uscode/text/42/1983

[16] https://www.law.cornell.edu/uscode/text/42/1988

[17] https://www.law.cornell.edu/uscode/text/52/10308

[18] https://www.law.cornell.edu/uscode/text/28/2201

2202.[19]  As this is a facial challenge to the constitutional validity of a State legislative act,  a district court may find guidance from[20] and require a panel of three judges pursuant to *Gray v. Sanders*, 372 U.S. 370.  The Supreme Court has jurisdiction  under 52 U.S. Code § 10302[21] "Proceeding to enforce the right to vote," to address  the issues of whether  the 101st IL General Assembly rules listed below are unconstitutional standards, practices and laws.  The Supreme Court has the jurisdiction under Title 52 U.S.C. §10303(f)(2)[22] to take necessary actions to enforce Bargo's voting rights.

14.        This District Court has jurisdiction regarding matters  arising  under  the Constitution under 28 U.S.C. § 1343(3):[23]  (a):"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person .. . (a)(3): [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States."

15.        This District Court has jurisdiction over the defendants, all of whom are government officials of the State of Illinois.  Bargo is a resident and registered vote of Illinois and this  case challenges the constitutionality of the State of Illinois' apportionment of voter influence.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).[24]

---

[19] https://www.law.cornell.edu/uscode/text/28/2202

[20] https://www.law.cornell.edu/uscode/text/28/1343

[21] https://uscode.house.gov/view.xhtml?req=(title:52%20section:    10302%20edition:prelim)

[22]  https://uscode.house.gov/view.xhtml?req=(title:52%20section:10303%20edition:prelim)

[23] https://www.law.cornell.edu/uscode/text/28/1343

[24] https://www.law.cornell.edu/uscode/text/28/1391

16.          Pursuant to *Baker v. Carr*: [Footnote 19] this Court has frequently sustained

District Court jurisdiction under 28 U.S.C. § 1343(3)[25] or its predecessors to entertain suits to

redress deprivations of rights secured against state infringement by the Equal Protection and Due

Process Clauses of the Fourteenth Amendment.

17.          This case alleges a state scheme of Voting Rights violations due to Illinois State

legislative (House) rules.   It focuses on the usurpation of Bargo's right to access, through his

vote, all Constitutionally permitted IL House  legislative actions.   Bargo claims that deprivations

of his voting right   access to all IL State legislation is unconstitutionally authorized and made

operative through the House Rules of the 101st Illinois House General[26] Assembly. See *Douglas*

*v. Jeannette,* 319 U. S. 157; *Stefanelli v. Minard,* 342 U. S. 117; *cf. Nixon v. Herndon,* 273 U. S.

536; *Nixon v. Condon,* 286 U. S. 73; *Snowden v. Hughes,* 321 U. S. 1; *Smith v. Allwright,* 321 U.

S. 649; *Monroe v. Pape,* 365 U. S. 167; *Egan v. Aurora,* 365 U. S. 514. Footnote 19, *Baker v.*

*Carr*, 369 U.S. 186 (1962).

18.          Support for this complaint comes from the  Court's ruling in *Baker v. Carr* 369 U.

S. 248: "Fraudulent acts that dilute the votes of some have long been held to be within judicial

cognizance."

19..          As the Court noted in *Marbury* "The very essence of civil liberty certainly

consists in the right of every individual to claim the protection of the laws, whenever he receives

an injury." *Marbury,* 1 Cranch 137, 5 U.S. 163 (1803).[27]    Bargo adds that his voting right

---

[25] https://www.law.cornell.edu/uscode/text/28/1343

[26] Exh. B-1, Pet. App. p. 63.

[27] https://supreme.justia.com/cases/federal/us/5/137/

suffers usurpation when the IL House Rules Committee is able, through IL House Rules 4(c) (14),[28] 15(d),[29] and other 101st GA Rules, to empower, through IL House Rules, that the IL House Speaker legislate,  with two of his personally chosen House members, to replace Bargo's House Representative, rewrite all legislation, and place it on the IL House floor for a vote with only one hour's notice given to Bargo's elected State Representative. Support for Bargo's voting rights complaint   comes from the dissent of Justice Douglas in *South v. Peters*, 339 U.S. 276 (1950)[30] 330 U.S. 279;

> "There is more to the right to vote than the right to mark a piece of paper and drop it in a box or the right to pull a lever in a voting booth. The right to vote includes the right to have the ballot counted…It also includes the right to have the vote counted at full value without dilution or discount…That federally protected right suffers substantial dilution…[where a] favored group has full voting strength…[and] [t]he groups [Bargo] not in favor have their [his] votes discounted."  [brackets added]

### Justiciability

20.          The US Constitution guarantees to every State in the union a republican form of government and authorizes the states to administer state elections.   This is a complaint regarding the Plaintiff's right to have his vote counted equally with all other qualified voters in IL state elections, and to have his vote influence Illinois State policies in the Illinois State Legislature. As the Court noted in *Reynolds v. Sims,* 377 U.S. 555: "The right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly

---

[28] Exh. B-2, Pet. App. p. 64.

[29] Exh. B-7, Pet. App. p. 69.

[30] https://supreme.justia.com/cases/federal/us/339/276/

prohibiting the free exercise of the franchise." [Footnote 29]. Further support is found in *Yick Wo v. Hopkins*, 118 U.S. 356, (1886) where the Supreme Court ruled "the political franchise of voting as 'a fundamental political right, because preservative of all rights.'"

21.        Bargo claims that his Constitutional rights to vote and to have his IL State Representative voice his policy choices to the IL State legislature have been injured and that he has a right to have Federal Courts review the complaint.   From *Baker v. Carr*: [Footnote 59]: "The power of a court of equity to act is a discretionary one. . . Where a federal court of equity is asked to interfere with the enforcement of state laws, it should do so only to prevent irreparable injury which is clear and imminent.'" *American Federation of Labor v. Watson,* 327 U. S. 582, 327 U. S. 593 (1946)  and cases cited*. "* [emphasis added].

22.        The deprivations of voting rights alleged herein are solely due to codified provisions of the 101st IL General Assembly.[31]   As such this is a complaint alleging a deprivation of voting rights due to State action.  The Supreme Court stated in *Gray v. Sanders*, 372 U.S. 375 (1963). "Appellee, like any person whose right to vote is impaired, had standing to sue."

23.        In the past, the Court has granted certiorari to state cases involving election irregularities when Petitioner s could prove their voting rights were impaired.   Intrusion of the Federal Government into the election machinery of the States has taken numerous forms: suits for declaratory relief and for an injunction *Terry v. Adams,* 345 U.S. 461 (1953) and suits by the United States under the Civil Rights Act to enjoin discriminatory practices *United States v.*

_____

[31] Exh. B-1, Pet. App. p. 63.

3:20-cv-03045-SEM-TSH # 1 Page 10 of 16

*Raines,* 362 U. S. 17 (1960). This case involves IL State sanctioned legislative practices

mandated through the 101st IL General Assembly House Rules;[32] which act to impair, debase,

diminish and dilute the value of Bargo's vote in all Illinois State legislative committees and State

legislative actions. Support comes from the Supreme Court's statement in *Gomillion v.*

*Lightfoot*, 364 U.S. 347 (1960: "When a State exercises power wholly within the domain of state

interest, it is insulated from federal judicial review. But such insulation is not carried over when

state power is used as an instrument for circumventing a federally protected right." Cited in *Gray*

*v. Sanders*, 372 U.S. 368 (1963) p. 372.

24. Further support comes from the Supreme Court's decision in *Reynolds v. Sims*,

377 U.S. 556. (1964). Citing *Baker*, the Court ruled:

> "In *Baker v. Carr*, 369 U.S. 186, we held that a claim asserted under the Equal
> Protection Clause challenging the constitutionality of apportionment of seats in its
> legislature, on the ground that the right to vote of certain citizens was effectively
> impaired, since debased and diluted, in effect presented a justiciable controversy
> subject to adjudication by federal courts." Cited in *Reynolds,* 377 U.S. 533 (1964).

## Facts

25. On January 29, 2019 the Illinois House of Representatives enacted the Rules of

the 101st General Assembly.[33] Petitioner Bargo argues that the Rules of the Illinois 101st

General Assembly establish, in the Illinois General Assembly, a rigid legislative hierarchy

codifying voting rights deprivations and granting to the IL House Speaker unconstitutional

authority to control all State legislation and Bargo's voice in all IL House committees; both of

---

[32] Exh. B-1, Pet. App. p. 63.

[33] Exh. B-1, Pet. App. p. 63.

10

which are impermissible in the US republican form of government.   As explained and

documented above, the deprivations of Bargo's right to vote and to have his vote counted in all

State elections is not just enabled by the 101st General Assembly Rules, it is mandated by them.

The Speaker's unconstitutional legislative/voting privilege to which Bargo refers is a privilege

mandated by the 101st GA HR which enables the Speaker to totally control not only all the

chairs of House committees,[34] but all committee appropriations.[35]  These rules deny and deprive

Bargo any right to express his voice, through his elected IL House Representative,  to  address

the persons who serve as all Committee Chairs, and the amount of his taxes appropriated to any

legislation passed by any IL House committee.

26.          Another group of voting rights deprivations mandated by the 101st GA House

Rules  arise from the rules of the IL House "Rules Committee."[36]  These rules[37] permanently

delegate all control of all IL House legislation to the Speaker acting alone, and are designed to

usurp the value of Bargo's vote in all IL House bills.   These rules are also used by the Speaker to

indefinitely delay any House committee bill of which the Speaker personally disapproves.[38]  The

Rules Committee rules can be characterized, following the *Shelby County* decision, as a

legislative "scheme or device"[39] of vote manipulation and suppression at the highest level: the

---

[34]  Exh. B-2, Pet. App. p. 64.

[35]  Exh. B-11, Rule 22(b),(2). Pet.  App. p. 73.

[36]  House Rules 18 (a)(b), 18(g); Exh. B-8, B-9, B-10, Pet. App. pp. 71, 71, 72.

[37]  Exh. B-1 thru B-10, Pet. App. pp. 63-72.

[38]  Exh. A-2, B-3, B-11, Pet.  App. pp. 60, 65, 73.

[39]  *Shelby County v. Holder*, 133 S. Ct. 2612, (2013).

level of the Illinois House of Representatives, a legislative body mandated by the Constitution to allow the voters to express their personal policy preferences to all IL house bills through their elected IL House State representatives. The Rules Committee and other "schemes and devices" of the 101st IL GA House Rules are used by the Speaker to engage in de jure actions which make it legislatively impossible for Bargo's vote to have any impact on any IL House bills. In fact, the 101st GA House Rules are deliberately written and codified to deprive Bargo of any opportunity to influence all Illinois legislative bills through his right to vote. And since Bargo's vote is counted equally with all other votes cast in all IL State elections, the 101st IL General Assembly rules deny all qualified voters in Illinois their constitutional right to express their will and consent through their vote in all Illinois State elections. Only the personal policy preferences of the Illinois House Speaker have legislative influence. This shifting of influence from a republican democracy to the personal control of all legislation by the IL State Speaker is not done through secret corruption, manipulation of vote counts, gerrymandering or other unconstitutional election practices but through a plain reading of the codified rules of the 101st IL General Assembly.[40]

### Conclusion

27.        This Case should be heard.

### Declarative and Injunctive Relief Proper

---

[40] Exh. Pet. App. pp. A-1, A-2, A-3, pp. 60, 61, 62; B-3, B-5, B-11; Pet. App. pp. 65, 67, 73.

28.          Under the Declaratory Judgment Act, given the existence of "a case of actual controversy within its jurisdiction" a Federal Court "may declare the rights and other legal relations of any interested party seeking such declaration."  Bargo argues that the prima facie rules of the 101st IL GA are sufficiently injurious/harmful to his right to express his policy preferences to the IL House to prove the violation and impairment of his Constitutionally protected right to declaratory relief.

29.          Injunctive relief is proper since Petitioner  has demonstrated "the likelihood of substantial and immediate irreparable injury" to his right to vote and have his vote counted, and influence policy, in all Illinois State elections.  Since this is a Constitutional case regarding a voting rights violation it is proper that the case be heard in a Federal District Court by a panel of three judges.

30.          Courts of Appeal have found standing to seek injunctive relief where the conduct to be enjoined has been authorized by policy or practice.  There is a clear, indisputable likelihood that Petitioner  Bargo and all other qualified voters of Illinois will continue to have their voting rights usurped by the Speaker should the rules of the 101st Illinois General Assembly continue to have the force of law in the Illinois House of Representatives.

### Prayer for Relief

31.          Plaintiff Bargo prays that this Honorable Court declare the eight cited provisions of the 101st IL GA violative of the First, Fifth, Thirteenth and Fourteenth Amendments of the U.S. Constitution and permanently enjoin the Illinois House from  enforcing the 101st IL GA

Rules passed on January 29, 2019 and permanently enjoin the Illinois House, Senate, and Governor from enforcing the cited rules of the 101st IL GA and all derivative legislation in any Illinois Statute, regulation, contract, rule policy or practice; or any Illinois State State action derived from the 101st IL GA rules here cited.  Past Supreme Court remedies to enforce the right to vote are well established and some can be found in 52 U.S. Code § 10302[41]  and in sections 4 and 5 of the Voting Rights Act Court rulings of 2013.  These remedies, however, are not applicable in this case.  Past remedies have involved Court ordered proceedings designed to correct methods of vote deprivation employed at polling places such as  counting of votes, tests and devices, etc.   Bargo respectfully suggests that in this case since the voting rights violations involve the changes made to the Rules of the IL House of the 101st General Assembly, the remedy is to revert to past IL House Rules, such as the 1982 House Rules,[42] which were not unconstitutional.[43]  The remedies for these 101st IL General Assembly House Rules is for this Honorable Court to declare the rules unconstitutional, permanently enjoin the IL General Assembly from enforcing them in all IL legislative actions, and order the IL legislature to pass and enforce the rules of the 1982 IL General Assembly, which do not enable the Speaker to usurp Bargo's right to vote and speak his voice to all Illinois legislative committees, and do not allow the Rules Committee to usurp Bargo's voting rights.  The details of the remedies are included in the Tables 1 thru 6 below.[44]

---

[41]  https://www.law.cornell.edu/uscode/text/52/10302

[42] Exh. C-1 thru C-11, Pet. App. pp. 74 - 84.

[43] Ibid.

[44] Tables 1 thru 6, Pet. App. pp. 86 - 91.

14

## **WORD COUNT CERTIFICATION**

In compliance with the Federal Rules of Civil Procedure this Petition contains 3,800 words.

## **CERTIFICATION**

Under penalties as provided by law, the undersigned verifies that statements set forth in this petition are true and accurate, except as to matters stated therein to be on information and belief. As to such matters the undersigned certifies that he verily believes the same to be true.

Respectfully submitted: _Michael E. Bargo Jr._

DATE: _February 10, 2020_

Petitioner's name and address:

Michael E. Bargo Jr.

7320 N. Oriole Ave.

Chicago, IL 60631   Ph:   (210) 801 - 1791

## CERTIFICATE OF SERVICE

On February 10, 2020 Petitioner Michael E. Bargo Jr., served one copy of this Complaint via United States Postal Service to the United States District Court, Central Division at the following address; and exact copies were also served via United States Postal Service on the same day to the four Defendants IL Governor John Jay Pritzker at: Office of the Governor, 207 State House, Springfield, IL 62706; Michael J. Madigan, Speaker of the IL House, 300 Capitol Bldg., Springfied, IL 62706;  Kwame Raoul, Illinois Attorney General, 500 South Second St., Springfield, IL 62701; and Don Harmond 327 Capitol Bldg., Springfield, IL 62706; in their official capacities.

US District Court

Central District of Illinois

151 U.S. Courthouse

600 E. Monroe St.

Springfield, IL 62701

Phone: 217-492-4028

Sworn before me this _____10th_____ day of February, 2020:

JEFFREY MEJORADA
Official Seal
Notary Public – State of Illinois
My Commission Expires Feb 28, 2022

02/10/2020

16