E-FILED
Monday, 28 March, 2022  01:46:08 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

MICHAEL E. BARGO, JR.,              )
                                    )
    Plaintiff,              )
                                    )
    v.                      )    No. 20-cv-03045
                                    )
J.B. PRITZKER, in his official      )
Capacity as Governor of the State )
of Illinois, et al.,                )
                                    )
    Defendants.             )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 12) filed by the Defendants.  Because Plaintiff has not alleged a concrete and particularized injury, Defendants' Motion is GRANTED.  Plaintiff's Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Plaintiff Michael E. Bargo, Jr., has filed suit against the Governor of Illinois, the Speaker of the Illinois House of Representatives, the President of the Illinois Senate, and the Attorney General of Illinois, all in their official capacities.  Plaintiff

alleges that the Rules of the Illinois General Assembly "impair the voting rights of all voters in the State of Illinois." D/e 1, ¶ 7. Specifically, Bargo asserts that Rule 4(9)(c)(14), Rule 9(b), Rule 10(b)(i), Rule 10(b)(ii), Rule 15(d), Rule 17, Rule 22(b), and Rule 18(g) of Illinois' Rules of the House of Representatives give the Speaker of the House "personal control of all legislation," thereby making it "impossible for Bargo's vote to have any impact on any IL House bills." Id., ¶ 26. Plaintiff requests orders declaring the challenged Rules unconstitutional, enjoining the Illinois legislature from enforcing the challenged Rules, and replacing the challenged Rules with specified provisions from the Illinois House Rules of 1982.

On September 18, 2020, Defendants moved to dismiss Plaintiff's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. Defendants also argue, in the alternative, that the Court should dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. Plaintiff filed a Response (d/e 16) to Defendants' Motion on September 28, 2020.

On June 22, 2021, Plaintiff filed a motion (d/e 18) to amend his Complaint.  Since the filing of Plaintiff's original Complaint, Illinois' 101st General Assembly has been replaced by the 102nd General Assembly.  The Rules of the 101st General Assembly that Plaintiff's original Complaint challenged have likewise been replaced by identical Rules of the 102nd General Assembly.  Plaintiff requested leave to amend his Complaint to reflect these changes. U.S. Magistrate Judge Schanzle-Haskins denied Plaintiff's motion to amend with leave to refile if this Court denied Defendants' Motion to Dismiss.

On August 24, 2021, Plaintiff filed a Notice of Appeal (d/e 21) from the Text Order denying his motion to amend.  On March 22, 2022, the United States Court of Appeals for the Seventh Circuit dismissed Plaintiff's interlocutory appeal for lack of jurisdiction, holding that an appeal may not be taken in a civil case until a final judgment is entered and that this Court had not yet entered a final judgment.  See d/e 28.  Plaintiff's case is now once again before this Court, and Defendants' pending Motion to Dismiss is ripe for decision.

As a threshold matter, Plaintiff is assured that this Court will treat every reference to the 101st General Assembly or the Rules thereof in Plaintiff's Complaint as a reference to the 102nd General Assembly and the corresponding Rules thereof.  Moreover, pursuant to Fed. R. Civ. P. 25(d), a public officer who leaves office while he is party to a federal civil case is automatically replaced as a party by his successor.  Accordingly, there is no need for Plaintiff to amend his Complaint to change the names of the Defendants or to update the references to the General Assembly or the Rules thereof.

A federal court's subject-matter jurisdiction is limited to "Cases" and "Controversies," and no case or controversy exists if the plaintiff lacks standing.  U.S. Const. art. III, § 2; Johnson v. U.S. Office of Pers. Mgmt., 783 F.3d 655, 660 (7th Cir. 2015).  To establish standing at the pleading stage, a plaintiff bears the burden of alleging facts sufficient to establish (1) that he suffered an injury that is (a) concrete and particularized and (b) actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that a favorable

decision will redress the injury.  <u>Berger v. Nat'l Collegiate Athletic Ass'n</u>, 843 F.3d 285, 289 (7th Cir. 2016).

In the voting rights context, the Supreme Court has held that state laws or policies that allegedly harm a voter's ability to "influenc[e] a legislature's overall composition and policymaking" do not "present an individual and personal injury of the kind required for Article III standing." <u>Gill v. Whitford</u>, 138 S. Ct. 1916, 1931 (2018).  Plaintiff does not allege that he has been denied the right to vote for his state representative.  Rather, Plaintiff alleges that his vote is rendered meaningless by the fact that any representative he elects will be bound by procedural rules that allocate excessive influence over the legislative process to the Speaker of the House. Plaintiff's "abstract interest in policies adopted by the legislature," however, is "a nonjusticiable 'general interest common to all members of the public.'" <u>Id.</u> (quoting <u>Ex parte Levitt</u>, 302 U.S. 633, 634 (1937)).

The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government— claiming only harm to his and every citizen's interest in proper

application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–561 (1992).  Mr. Bargo has alleged only "a general interest common to all members of the public." <u>Lance v. Coffman</u>, 549 U.S. 437, 440 (2007) (quoting <u>Ex parte Levitt</u>, 302 U.S. 633, 636 (1937)).  Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's Complaint.

For these reasons, Defendants' Motion to Dismiss (d/e 12) is GRANTED.  Plaintiff's Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.  Plaintiff may file an amended complaint that alleges a concrete and particularized injury no later than April 13, 2022.  If Plaintiff does not file an amended complaint, or if Plaintiff's amended complaint fails to allege a concrete and particularized injury, this action will be dismissed with prejudice.

**ENTERED:  March 28, 2022**

**FOR THE COURT:**

/s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**